UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ROBERT GONZALES,<br><br>Petitioner,<br><br>v.<br><br>STEVEN LAKE,[1]<br><br>Respondent. | No. 1:18-cv-00499-DAD-SKO (HC)<br><br>**FINDINGS AND RECOMMENDATIONS TO DENY PETITION FOR WRIT OF HABEAS CORPUS**<br><br>**ORDER DIRECTING CLERK OF COURT TO AMEND CAPTION**<br><br>**(Doc. 1)** |

Petitioner, Robert Gonzales, is a federal prisoner proceeding *pro se* with a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241. Petitioner alleges that the Bureau of Prisons ("BOP") has violated the authority given to it in determining how long inmates should be placed in a Residential Re-entry Centers ("RRC"). The Court referred the matter to the Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1) and Local Rules 302 and 304. Having reviewed the record as a

---

[1] Pursuant to Fed. R. Civ. P. 25(d), when a public party in an official capacity dies, resigns, or otherwise ceases to hold office while the action is pending, the officer's successor is automatically substituted as a party. Steven Lake has succeeded Andre Matevousian as Warden of the United States Penitentiary at Atwater.

1

whole and applicable law, the undersigned recommends that the Court deny Petitioner's petition for writ of habeas corpus.

**I.     Background**

Petitioner was convicted of conspiracy to manufacture and distribute methamphetamine (21 U.S.C. § 841(A)(1)) and aiding and abetting (18 U.S.C. § 2) and sentenced to a term of imprisonment for 306 months. Petitioner is currently incarcerated at the United States Penitentiary at Atwater, California, and has a projected release date of April 5, 2019.

Although Petitioner sought to serve the final year of his sentence at an RRC, he was designated to serve only the last 154 days of his incarceration at an RRC. He, therefore, appealed the decision. Inmates seeking formal review of an aspect of their imprisonment must proceed through a four-tiered system of review: (1) informal resolution; (2) Warden; (3) Regional director; and (4) the BOP Office of General Counsel. 28 C.F.R. §§ 542.10-542.17. Petitioner sought review through an informal resolution and the Warden; however, as Petitioner admits, he did not exhaust his administrative remedies because he did not appeal his claim to the Regional Director or General Counsel before filing his petition before this Court.

On March 26, 2018, Petitioner filed his petition for writ of habeas corpus with this Court. On June 6, 2018, Respondent moved to dismiss the petition because (1) the petition does not relate to the fact or duration of Petitioner's custody; (2) judicial review of BOP placement is barred; (3) Petitioner failed to exhaust administrative remedies; and (4) there is no fixed RRC placement bar or limit. Petitioner filed a response to the motion to dismiss on July 11, 2018.

**II.    Petitioner's RRC Claim**

Petitioner claims BOP has categorically predetermined that inmates should be placed in an RRC for no more than six months, based on budgetary considerations, in violation of 18 U.S.C. §§

3621 and 3624.² BOP has the authority to allow prisoners to spend up to the final twelve months of their sentence in an RRC facility to ensure they "adjust to and prepare for the reentry" into the community. *Id*. at § 3624(c)(1). Petitioner alleges BOP has ignored this statutory authority and, instead, categorically pre-determined that prisoners spend no more than six months in RRC placement.

Respondent claims the petition should be dismissed because (1) the Court lacks subject matter jurisdiction; (2) Petitioner failed to exhaust his administrative remedies; and (3) BOP does

---

² Pursuant to 18 U.S.C. § 3621(b),

> The Bureau of Prisons shall designate the place of the prisoner's imprisonment. The Bureau may designate any available penal or correctional facility . . . that the Bureau determines to be appropriate and suitable, considering –
>
> (1) the resources of the facility contemplated;
>
> (2) the nature and circumstances of the offense;
>
> (3) the history and characteristics of the prisoner;
>
> (4) any statement by the court that imposed sentence –
>
> (A) concerning the purposes for which the sentence to imprisonment was determined to be warranted; or
>
> (B) recommending a type of penal or correctional facility as appropriate; and
>
> (5) any pertinent policy statement issued by the Sentencing Commission pursuant to section 994(a)(2) of title 28.
>
> > In designating the place of imprisonment or making transfers under this subsection, there shall be no favoritism given to prisoners of high social or economic status. The Bureau may at any time, having regard for the same matters, direct the transfer of a prisoner from one penal or correctional facility to another. The Bureau shall make available appropriate substance abuse treatment for each prisoner the Bureau determines has a treatable condition of substance addiction or abuse. Any order, recommendation, or request by a sentencing court that a convicted person serve a term of imprisonment in a community corrections facility shall have no binding effect on the authority of the Bureau under this section to determine or change the place of imprisonment of that person.

Pursuant to 18 U.S.C. § 3624(c)(1),

> The Director of the Bureau of Prisons shall, to the extent practicable, ensure that a prisoner serving a term of imprisonment spends a portion of the final months of that term (not to exceed 12 months), under conditions that will afford that prisoner a reasonable opportunity to adjust to and prepare for the reentry of that prisoner into the community. Such conditions may include a community correctional facility.

not categorically pre-determine the amount of time a prisoner may spend in a RRC placement. *See* Doc. 18.

### A. The Court Has Subject Matter Jurisdiction Over Petitioner's Claim

Respondent alleges the Court lacks subject matter jurisdiction over Petitioner's claim for two reasons: (1) Petitioner is attacking the conditions of confinement, rather than the fact or duration of his confinement; and (2) Petitioner seeks judicial review of BOP's discretionary, individualized determination of Petitioner's suitability for RRC placement. *Id*. at 2-4.

#### 1. Conditions of Confinement

Respondent contends Petitioner is challenging the conditions of his confinement, an argument which should be raised in a civil rights action pursuant to 42 U.S.C. § 1983. *Id*. at 2. A habeas petition pursuant to 28 U.S.C. §2241 is appropriate to challenge the manner, location, or conditions of a sentence execution. *Hernandez v. Campbell*, 204 F.3d 861, 864 (9th Cir. 2000). Challenges to a prisoner's conditions of confinement must be brought as a civil rights action, rather than through a habeas corpus petition. *Badea v. Cox*, 931 F.2d 573, 574 (9th Cir. 1991).

Respondent's jurisdictional claim has been rejected by the Ninth Circuit. The Ninth Circuit has exercised jurisdiction in cases in which a petitioner brings a § 2241 petition to challenge decisions regarding RRC placement. *See Sacora v. Thomas*, 628 F.3d 1059 (9th Cir. 2010) (action challenging BOP policies for RRC placement); *Rodriguez v. Smith*, 541 F.3d 1180 (9th Cir. 2008) (affirming grant of habeas relief where petitioner brought § 2241 petition to compel BOP to consider his immediate transfer to RRC).

#### 2. BOP's Discretionary Decision

Alternatively, Respondent contends the Court does not have jurisdiction because Petitioner is asking the Court to review an individualized BOP determination, which the Ninth Circuit has held the Court does not have jurisdiction to do. *Reeb v. Thomas*, 636 F.3d 1224, 1227 (9th Cir.

2011) (To find that prisoners can bring habeas petitioners under 28 U.S.C. § 2241 to challenge the BOP's discretionary determinations made pursuant to 18 U.S.C. § 3621 would be inconsistent with the language of 18 U.S.C. § 3625.).

However, Respondent misconstrues Petitioner's argument. Petitioner is not challenging BOP's assessment of Petitioner's suitability for RRC placement. Petitioner instead claims that BOP has exceeded its statutory authority by categorically finding that *all* inmates are unsuitable for RRC placement for more than six months due to budgetary restraints. Jurisdiction is proper based on Petitioner's argument. *See Close v. Thomas*, 652 F.3d 970, 973-74 (9th Cir. 2011) (jurisdiction remains proper for allegations that BOP action exceeds its statutory authority).

**B. Petitioner Failed to Exhaust His Administrative Remedies**

Respondent next contends that Petitioner failed to exhaust his administrative remedies, which Petitioner concedes.

"Federal prisoners are required to exhaust their federal administrative remedies prior to bringing a petition for writ of habeas corpus in federal court." *Martinez v. Roberts*, 804 F.2d 570, 571 (9th Cir. 1986) (internal citations omitted). The exhaustion requirement

> aid[s] judicial review by allowing the appropriate development of a factual record in an expert forum; conserv[ing] the court's time because of the possibility that the relief applied for may be granted at the administrative level; and allow[ing] the administrative agency an opportunity to correct errors occurring in the course of administrative proceedings.

*Ruviwat v. Smith*, 701 F.2d 844, 845 (9th Cir. 1983).

Although § 2241 does not specifically require exhaustion, courts "require, as a prudential matter, that habeas petitioners exhaust available judicial and administrative remedies before seeking relief under § 2241." *Castro-Cortez v. I.N.S.*, 239 F.3d 1037, 1047 (9th Cir. 2001), *abrogated on other grounds*, *Fernandez-Vargas v. Gonzales*, 548 U.S. 30 (2006).

5

Because the exhaustion requirement is not a "'jurisdictional prerequisite,' it is subject to waiver in § 2241 cases." *Ward v. Chavez,* 678 F.3d 1042, 1045 (9th Cir. 2012). "[T]he district court must determine whether to excuse the faulty exhaustion and reach the merits, or require the petitioner to exhaust his administrative remedies before proceeding in court." *Brown v. Rison*, 895 F.3d 533, 535 (9th Cir. 1990), *overruled on other grounds, Reno v. Koray,* 515 U.S. 50 (1995). The exhaustion requirement can be waived "if pursuing those administrative remedies would be futile." *Fraley v. United States Bureau of Prisons*, 1 F.3d 924, 925 (9th Cir. 1993) (citing *Terrell v. Brewer*, 935 F.2d 1015, 1019 (9th Cir. 1991)). Other exceptions to the general exhaustion rule include when administrative remedies are inadequate or ineffective, irreparable injury would result, or administrative proceedings would be void. *Laing v. Ashcroft*, 370 F.3d 994, 1000-01 (9th Cir. 1981) (citing *Beharry v. Ashcroft*, 329 F.3d 51, 62 (2d Cir. 2003) (internal quotation marks omitted)).

Federal prisons have a specific administrative remedy procedure through which inmates can present their claims to prison officials. *Martinez*, 804 F.2d at 570; 28 C.F.R. § 542.10(a) (the administrative remedy program allows inmates to seek formal administrative review of an issue relating to any aspect of the inmate's confinement). The BOP's administrative review begins when an inmate seeks informal resolution of the issues at the place of confinement. 28 C.F.R. § 542.13. If that fails, the inmate must file a formal written administrative request on form BP-9 with the warden. *Id*. at § 542.14. If the inmate is dissatisfied with the warden's response, further review is available by the BOP's regional director. *Id*. at § 542.15. Next, the inmate can seek review with the BOP's Officer of General Counsel. *Id*. A final decision from the Office of General Counsel completes the BOP's administrative review procedure. *Id*. at § 542.15(a).

Here, Petitioner contends the Court should waive the exhaustion requirement because the Warden's response to Petitioner's appeal "makes it clear that the BOP has adopted a categorical

6

formula for determining the length of an inmate's RRC placement." (Doc. 1 at 14.)

A prisoner may request a transfer to an RRC facility when the prisoner has more than one year left to serve on the sentence. *Sacora*, 628 F.3d at 1061-62. Pursuant to 18 U.S.C. § 3621, the BOP may designate any available facility for a prisoner, including an RRC. In determining which facility is appropriate, the BOP considers five factors:

(1) the resources of the facility contemplated;

(2) the nature and circumstances of the offense;

(3) the history and characteristics of the prisoner;

(4) any statement by the court that imposed sentence –

(A) concerning the purposes for which the sentence to imprisonment was determined to be warranted; or

(B) recommending a type of penal or correctional facility as appropriate; and

(5) any pertinent policy statement issued by the Sentencing Commission pursuant to section 994(a)(2) of title 28.

18 U.S.C. § 3621(b).

BOP must make an individualized assessment based on the five statutory criteria when making a transfer or placement determinations "to any available penal or correctional facility[ ]" including RRC placement. *Rodriguez*, 541 F.3d at 1188.

Petitioner's case manager determined he required RRC placement for 12 months. (Doc. 1 at 11.) However, the Residential Reentry Manager ("RRM") reduced the number of days to 154. When Petitioner appealed the decision to the Warden, the Warden denied his appeal, stating:

> A review of this matter indicates your assigned Unit Team did in fact submit you for one year (365 days) of RRC placement. As you are likely aware, some changes recently came into effect, which are intended to ensure the RRC program remains within federal budgetary allocations. These changes include the discontinuation of sixteen (16) RRC contracts, and shortening the length of stay for BOP inmates in RRC's, with the new average length of stay reduced to approximately 120-125 days. Given you have been granted a 154 day placement, you are actually above the new average length of stay range.

7

*Id*. at 35

Petitioner did not exhaust his administrative remedies, believing that, based on the Warden's response, the effort would be futile. However, excusing Petitioner would improperly encourage the deliberate bypass of the BOP's administrative review process. *See Laing*, 370 F.3d at 1000. For this reason, the Court does not recommend waiving Petitioner's exhaustion requirement.

**C. The Petition Fails on the Merits**

In addition to Petitioner's failure to exhaust his administrative remedies, his claim fails on the merits.

The BOP has the authority to place prisoners in RRC facilities for a specified period of time, but cannot categorically predetermine that all prisoners are suitable for RRC placement for a period shorter than authorized by § 3624(c). *See Rodriguez*, 541 F.3d at 1184-85. However, BOP can apply a presumption that prisoners are suitable for RRC placement for a period shorter than authorized, so long as BOP tests that presumption by conducting individualized determinations for each eligible prisoner. *Sacora*, 628 F.3d at 1065-68.

The BOP's policy is to require staff to give "individualized consideration" to each inmate requesting RRC placement. However, the BOP's policy is that "a RRC placement beyond six months should only occur when there are unusual or extraordinary circumstances justifying such placement." *Id*. at 1064. In *Sacora*, the Ninth Circuit held the BOP did not exceed its statutory authority with this policy. *Id*. at 1065-68. The Ninth Circuit found that "the BOP's policy – that six months in a RRC constitutes a 'sufficient duration' in most cases, but that each inmate is eligible for a 12-month placement and must be considered for placement in a RRC on an individual basis – is facially consistent" with §3624(c). *Id*.

The Ninth Circuit also stated that the "unusual circumstances" requirement was justified as an "extra check" on the longest placements in RRCs, particularly because §3621(b) identified "the resources of the facility [be] contemplated" as one of the factors to consider when making placement decisions. *Id*. at 1067. This requirement furthers Congress's expressed goal of assisting offenders to reenter the community "'by providing sufficient transitional services *for as short a period as possible*.'" *Id*. (quoting 42 U.S.C. § 17501(a)1(5)) (emphasis added).

Here, Petitioner asserts the BOP is categorically refusing to place anyone in an RRC for longer than six months. However, Petitioner bases his argument on the Warden's denial of his appeal, which only outlined one factor for the RRC placement decision.

The Court presumes BOP "follows its statutory commands and internal policies in fulfilling its obligations." *Garner v. Jones*, 529 U.S. 244, 256 (2000). Here, there is evidence that the BOP considered at least one of the factors from § 3621(b), "the resources of the facility contemplated." That the other factors were not memorialized in writing does not mean that they were not considered, given the presumption that BOP followed its policy. Further, inmates are not entitled to individualized considerations for RRC placement. *See*, *e.g.*, *Miller v. Whitehead*, 527 F.3d 752, 757 (8th Cir. 2008) (an inmate is not entitled "to a full-blown analysis of a request to transfer, involving individualized considerations of all five factors in § 3621(b), whenever the inmate chooses to make such a request"). Petitioner has failed to present any evidence suggesting BOP denied Petitioner's RRC placement without consideration of the § 3621(b) factors. Petitioner's disagreement with BOP's decision does not entitled him to federal habeas relief.

**III. Recommendations and Conclusions**

Based on the foregoing, the undersigned recommends the Court deny Petitioner's petition for writ of habeas corpus.

These Findings and Recommendations will be submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C § 636(b)(1). Within **thirty (30) days** after being served with these Findings and Recommendations, either party may file written objections with the Court. The document should be captioned Objections to Magistrate Judge's Findings and Recommendations. Replies to the objections, if any, shall be served and filed within **fourteen (14) days** after service of the objections. The parties are advised that failure to file objections within the specified time may constitute waiver of the right to appeal the District Court's order. *Wilkerson v. Wheeler*, 772 F.3d 834, 839 (9th Cir. 2014) (citing *Baxter v. Sullivan*, 923 F.2d 1391, 1394 (9th Cir. 1991)).

Accordingly, the Court hereby ORDERS the Clerk of Court to amend the caption in this matter to reflect the names of Steven Lake as Respondent.

IT IS SO ORDERED.

Dated: **November 26, 2018**           /s/ *Sheila K. Oberto*
UNITED STATES MAGISTRATE JUDGE